# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNEMED CORPPORATION and VIREO SYSTEMS, INC.,** | |
| Plaintiffs, | **8:15CV135** |
| vs. | |
| **PROMERA HEALTH, LLC, and HARVEST TRADING GROUP, INC.,** | **ORDER** |
| Defendants. | |
| **PROMERA HEALTH, LLC,** | |
| Plaintiff, | **8:16CV08** |
| vs. | |
| **VIREO SYSTEMS, INC.,** | |
| Defendant. | |

This matter is before the court on Vireo Systems, Inc.'s (Vireo) Motion to Consolidate (Filing No. 80 in case 8:16CV08). Vireo seeks to consolidate the above-captioned case with ***UNeMed Corporation, et al. v. ProMera Health, LLC, et al.***, 8:15CV135. Vireo filed a brief (Filing No. 81 in case 8:16CV08) in support of the motion. ProMera Health, LLC (ProMera) filed a brief (Filing No. 89 in case 8:16CV08) and an index of evidence (Filing No. 90) opposing consolidation. Vireo did not file a reply.

## BACKGROUND

"Vireo . . . develops and manufactures various dietary supplements, chemical compounds, and nutraceuticals." **See** Filing No. 1 in case 8:15CV135 - Complaint ¶ 24. "Vireo's CEO Mark Faulkner [(Faulkner)] co-invented. . . and Vireo subsequently developed for commercial sale, and manufactures, creatine hydrochloride (C-HCl)," which is covered by two patents, United States Patent No. 8,354,450 (the '450 Patent)

and United States Patent No. 8,962,685 (the '685 Patent). *Id.* ¶¶ 24-28. Vireo and UNeMed Corporation (UNeMed) co-own the patents. *Id.* ¶ 29. Vireo marketed and sold C-HCl products using the CONCRĒT and CON-CRĒT REINFORCED trademarks. *Id.* ¶¶ 31-34. On March 22, 2011, Vireo and ProMera entered into a Product Development and Marketing Agreement (PDMA) memorializing the parties' earlier oral agreement allowing ProMera, exclusively, to market and distribute certain products including C-HCl products using the CONCRĒT and CON-CRĒT REINFORCED trademarks. *Id.* ¶¶ 35-40. ProMera sold the C-HCl products to affiliates, including Harvest Trading Group, Inc. (Harvest), who sold them to resellers, retailers, or end users. *Id.* ¶ 42. In September 2014 ProMera applied to use the mark CONCRET BLACK for dietary supplements, but has not marketed, distributed, or sold products bearing the mark. *Id.* ¶¶ 51-52. On February 4, 2015, Vireo terminated the PDMA and ceased to supply C-HCl to ProMera. *Id.* ¶ 55. ProMera located an alternative manufacturer and continues to sell C-HCl products bearing the CONCRĒT and CON-CRĒT REINFORCED trademarks. *Id.* ¶ 56.

Based on these events, on February 27, 2015, ProMera filed an action in the United States District Court for the District of Massachusetts. **See** Filing No. 1 in case 8:16CV08 - Complaint. ProMera, in a second amended complaint, seeks a declaratory judgment holding its marketing and distribution of certain C-HCl dietary supplements does not infringe upon Vireo. **See** Filing No. 57 in case 8:16CV08 - Second Amended Complaint. Specifically, ProMera states, "ProMera is in need of a declaration of its rights and a determination whether ProMera's use of its CON-CRET Marks are tied to the '450 or '685 patents or otherwise infringe or interfere with Vireo's rights." *Id.* ¶ 25. While ProMera asserts it is the *exclusive owner* of the CON-CRET Marks, Vireo alleges it and Faulkner "jointly applied for federal trademark registration for CON-CRĒT" and the CON-CRĒT REINFORCED marks. **Compare** *Id.* ¶¶ 10-12 **with** Filing No. 1 in case 8:15CV135 - Complaint ¶¶ 32, 34.

On April 22, 2015, the Vireo and UNeMed filed an action in the United States District Court for the District of Nebraska. **See** Filing No. 1 in case 8:15CV135 - Complaint. The plaintiffs allege both ProMera and Harvest infringed on the '450 and '685 patents (Count I and II), and Vireo alleges ProMera and Harvest infringed on Vireo's trademarks (Count III) and for declaratory judgment (Count IV) preventing

2

ProMera and Harvest from future use of the CONCRĒT, CON-CRĒT REINFORCED, and CONCRET BLACK marks.  *Id.* ¶¶ 69-102.  Specifically, Vireo and UNeMed allege ProMera and Harvest infringed the '450 and '685 patents by distributing and marketing products under the CONCRĒT and CON-CRĒT REINFORCED marks despite having changed the composition of the C-HCl products.  *Id.* at 14-16.  On October 13, 2015, the court denied a motion to dismiss or, in the alternative, to transfer to the United States District Court for the District of Massachusetts.  **See** Filing No. 35.  The parties began discovery and the court scheduled a patent claim construction hearing for June 20, 2016, and related deadlines.  **See** Filing No. 40.

On January 8, 2016, the Massachusetts case was transferred to this court.  **See** Filing Nos. 59-60.  The transferring court held:

> the instant action should be transferred to the District of Nebraska.  It cannot resolve the remaining trademark claim for declaratory relief without first addressing the patent infringement claims in the parallel action.  That is because, in this case, ProMera seeks a declaratory judgment that its use of the CON-CRET trademarks does not violate any of Vireo's rights, patent or otherwise.  This Court declines to adjudicate patent claims that are properly before the Nebraska Court, particularly in light of its observation that the declaratory judgment sought in the Nebraska action is substantially the same as the declaratory judgment sought here.

Filing No. 59 in case 8:16CV08 - Order p. 11.

After transfer, Vireo moved to consolidate the two actions in the interest of convenience and judicial economy.  **See** Filing No. 80 in case 8:16CV08 - Motion p. 1-2.  Vireo argues the trademark claims are mirror images of each other and the central issue in both cases is whether ProMera's conduct infringes on Vireo's patents.  *Id.* at 2.  Vireo contends there is substantial overlap in the evidence.  *Id.*

ProMera oppose consolidation.  **See** Filing No. 89 in case 8:16CV08 - Response.  ProMera argues that while the cases are related, only two of the parties are involved in the trademark action from Massachusetts and separation of the cases allows the court to use a tailored approach to resolve the patent and trademark claims independently.  *Id.* at 1-2.  ProMera contends it will soon move for a stay on the patent issues pending

3

resolution of patent challenges before the United States Patent and Trademark Office, which stay need not delay the trademark matters. *Id.* at 4-5.

**ANALYSIS**

Federal Rule of Civil Procedure 42 governs consolidation of separate actions and provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure** § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. ***United States Envtl. Prot. Agency v. Green Forest***, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The "court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause . . . ." Wright & Miller, supra, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." ***EEOC v. HBE Corp.***, 135 F.3d 543, 551 (8th Cir. 1998).

Upon review of the cases, the court is convinced these actions involve the same parties and the same issues. Although the one action involves four parties and the other two, it appears the cases involve common questions of law and fact. Indeed the case involving four parties raises both the patent issues and the trademark issues. Nevertheless, ProMera admits in the Massachusetts "trademark" case, it "is in need of a declaration of its rights and a determination whether ProMera's use of its CON-CRET Marks are tied to the '450 or '685 patents or otherwise infringe or interfere with Vireo's rights." **See** Filing No. 57 in case 8:16CV08 - Second Amended Complaint ¶ 25.

4

Clearly, the patent issues are integral to the outcome of both cases as pled by ProMera and determined by the transferring court. *Id.*; Filing No. 59 in case 8:16CV08 - Order p. 11. Additionally, due to the similarity in the cases, the parties will likely present similar motions and arguments during discovery. Consolidation during the discovery phase will avoid duplicative parallel activities. Both cases are at an early stage of litigation. Consolidation for discovery will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, unfair prejudice, or additional expense. In the event patent proceedings within or outside this court cause delay, such delay will likely impact the trademark issues in both cases equally. The parties and the court may minimize any prejudice arising from the patent delay by proceeding, if appropriate, with the trademark issues in both matters. Upon consideration,

**IT IS ORDERED**:

1. The defendant's Motion to Consolidate (Filing No. 80 in case 8:16CV08) is granted.

2. The two above-captioned cases are consolidated for all purposes.

3. Case No. 8:15CV135 is hereby designated as the "Lead Case." Case number 8:16CV08 is hereby designated as the "Member Case."

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents related to discovery (except those described in paragraph 5) in the Lead Case, No. 8:15CV135, and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes that an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

7. The parties shall have until **April 19, 2016**, to meet, confer, and file either a planning report pursuant to Federal Rule of Civil Procedure 26(f) encompassing both cases or a stipulation with regard to the progression of the newly consolidated action.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 30th day of March, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge